UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DELMER A RIVERA-MORAN,

      Petitioner,                  Case No. 3:26-cv-1630-MMH-LLL

v.


SHERIFF SCOTTY RHODEN, et al.,

      Respondents.

_____/

**FEDERAL RESPONDENTS' OPPOSITION
TO PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Delmer A Rivera-Moran challenges his detention by U.S. Immigration and Customs Enforcement ("ICE"), arguing he is entitled to immediate release or a bond hearing pursuant to 8 U.S.C. § 1226(a). Federal Respondents acknowledge that the Eleventh Circuit decision issued in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026) controls this case. Rivera-Moran is therefore entitled to an individualized bond hearing under 8 U.S.C. §1226(a). Nevertheless, because Rivera-Moran is properly detained under 8 U.S.C. §1226(a) and he makes no indication he has requested a bond hearing before an Immigration Judge, since the Eleventh Circuits ruling in *Hernandez Alvarez*, his petition should be denied for failure to exhaust his administrative remedies.

1

## BACKGROUND

Rivera-Moran is a national and citizen of Honduras who last entered the United States without inspection or admission in 2021. (Ex. 1 at 2, I-213 Record of Deportable/Inadmissible alien, Dated June 15, 2026). Rivera-Moran was first encountered by ICE on May 16, 2021, near the Rio Grande Valley Texas Border Patrol Sector. (Ex. 2 at 2, I-213 Record of Deportable/Inadmissible alien, Dated May 16, 2021). His first round of removal proceedings was terminated, without prejudice, on January 17, 2024. (Ex. 3, Order of the Immigration Judge, Dated January 17, 2024).  Rivera-Moran was encountered by ICE again on June 15, 2026, after he was arrested and charged with a misdemeanor offense of No Valid License. (Ex.  1 at 2). Rivera-Moran was served with a Notice to Appear on June 15, 2026, charging him as "an alien present in the United States who has not been admitted or paroled" and he was placed in removal proceedings. (Ex. 4 at 1 and 2, Notice to Appear, Dated June 15, 2026). Rivera-Moran is currently detained at Baker correctional Institution. (Ex. 3, Detention History). His first hearing in removal proceedings was scheduled for June 29, 2026. (Ex. 4 at 1). On June 24, 2026, Rivera-Moran filed a petition for writ of habeas corpus alleging his custody violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act.  Doc. 1.

## CERTIFIED HABEAS RETURN

Pursuant to 28 U.S.C. § 2243, "[t]he person to whom the writ or order is directed shall make a return certifying the true cause of the detention." Rivera-Moran bears the burden to prove his custody violates federal law. *Whitfield v. U.S. Sec'y of*

*State*, 853 F. App'x 327, 329 (11th Cir. 2021). Under the Eleventh Circuit's precedential ruling in *Hernandez Alvarez*, Rivera-Moran is detained under 8 U.S.C. § 1226(a). *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026).

## ARGUMENT

### I.     Rivera-Moran is not entitled to immediate release.

Rivera-Moran is not entitled to immediate release. Rivera-Moran's detention does not become unlawful because he has a pending asylum application and work authorization. Neither of these things afford lawful status. 8 CFR 245.1(d)(1) delineates the only things that confer lawful immigration status and work authorization, and a *pending* asylum application are not included. Furthermore, 8 C.F.R. § 208.5 (a) specifically references how to handle asylum applications for aliens in DHS custody. This section indicates that while they are detained and their application for asylum is pending, they cannot be removed, excluded, or deported; but it does not say that the alien must be released from custody. *See Id*.  Furthermore, 8 U.S.C. § 1226(a) specifically allows for arrest and detention "pending a decision on whether the alien is to be removed from United States". Section 1226(a)(1) of the INA "grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Lopez Bartolo v. Mullin*, Case No. 2:26-cv-1247-KCD-NPM, 2026 WL 1309028, at *1 (M.D. Fla. May 13, 2026). "Petitioner is an alien without lawful status." *Id.* "So he is entitled to a bond hearing under

3

1226(a), not immediate release." *Id.* As stated above, Rivera-Moran is in removal proceedings, evidenced by a notice to appear, and the Supreme Court has recognized that "detention during such proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531. Consequently, the Petition should be denied to the extent Rivera-Moran seeks immediate release.

**II.      This case is controlled by *Hernandez Alvarez*.**

Federal Respondents acknowledge that the Eleventh Circuit's decision issued in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026) controls this case. There, the court held that "[t]he text of [8 U.S.C.] § 1225(b)(2)(A) is clear that mandatory detention applies only to a narrower category of applicants for admission: those seeking lawful entry into the United States . . . [not] to other present aliens not seeking admission." *Id.* at *13.  In short, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Id.* at *14. Following the Eleventh Circuit's decision in *Hernandez Alvarez*, Munoz Acevedo is entitled to an individualized bond hearing under 8 U.S.C. §1226(a).

The Eleventh Circuit's decision will necessarily apply with equal force to Immigration Courts located within the Eleventh Circuit's territory of Florida, Georgia, and Alabama. *See Matter of Garcia*, 28 I. & N. Dec. 693, 698 (BIA 2023) ("We are bound to follow the law of the circuit court of appeals with jurisdiction over the region where an Immigration Court is located.") Where immigration proceedings

implicate multiple circuits, "[t]he circuit law that applies in Immigration Court proceedings is the law governing the geographic location of the Immigration Court where jurisdiction vests and proceedings commence." *Id.* at 707. "This circuit law controls regardless of where the parties and the Immigration Judge are physically located and may only change where an Immigration Judge grants a motion to change venue." *Id.* As such, there should be no impediment to requiring petitioners to exhaust their administrative remedies by seeking bond hearings with the Immigration Courts. *See Bohorquez-Valencia v. Ripa*, Case No. 3:25-cv-1383-MMH-LLL, 2026 WL 662980, at *2 (M.D. Fla. Mar. 9, 2026) (citing *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015)) ("A petitioner must exhaust all available administrative remedies before filing a [28 U.S.C.] § 2241 petition in federal court."). Rivera-Moran is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).

### III.   Munoz Acevedo has failed to exhaust his administrative remedies.

Federal regulations give an alien the ability to seek review of ICE's initial custody determination before an immigration judge. 8 C.F.R. § 1003.19(a). Notably, immigration detainees must affirmatively seek bond hearings in Immigration Court. A non-citizen's initial custody determination is made by ICE following detention. *See* 8 C.F.R. § 1236.1(c). However, there is no automatic bond redetermination. *See* 8 C.F.R. § 1236.1(d). Instead, 8 C.F.R. § 1003.19(b) provides that the non-citizen or his or her attorney or representative may affirmatively *request* a bond redetermination of the initial custody determination made by ICE. *See also generally* 8 C.F.R. § 1003.19.

Given the binding nature of *Hernandez-Alvarez* on the Immigration Courts, *Matter of Garcia*, 28 I. & N. Dec. at 698, seeking custody redetermination through a bond hearing is no longer futile. Indeed, Immigration Courts have affirmatively granted bond hearings without the intervention of district courts following the *Hernandez-Alvarez* decision. *See, e.g.*, *Fuentes Barrientos v. Warden Baker Cnty. Facility*, Case No. 3:26-cv-834-MMH-MCR, Doc. 9, (M.D. Fla. May 20, 2026) (dismissing habeas petition as moot by Endorsed Order where the petitioner filed a notice asserting that an immigration judge granted him bond).

Should an alien be dissatisfied with an Immigration Judge's ultimate decision—including one in which the alien is found subject to mandatory detention—he has the opportunity to appeal the Immigration Judge's order to the Board of Immigration Appeals. *Id.* § 1003.1(b)(7).  Rivera-Moran has not indicated he has availed himself of either opportunity before turning to this Court for intervention, after the Eleventh Circuit's ruling in *Hernandez Alvarez*.

The principle of exhaustion protects administrative agency authority and promotes judicial efficiency, recognizing that agencies "ought to have primary responsibility for the programs that Congress has charged them to administer." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).  The Eleventh Circuit has not adopted a futility exception in the habeas context. *See e.g.*, *McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012) (finding that the district court lacked jurisdiction to consider a Section 2241 petition where the petitioner failed to exhaust remedies, notwithstanding his argument that doing so would be futile); *Morris v. Warden, FCC*

*Coleman - Low*, No. 5:22-CV-527-WFJ-PRL, 2023 WL 3931928, at \*2 (M.D. Fla. June 9, 2023) (expressing doubt as to whether the futility exception applies in the context of Section 2241 habeas petitions); *Gonzalez-Velez v. Warden, FCC Coleman - Low*, No. 5:22-CV-509-WFJ-PRL, 2023 WL 3584113, at \*2 (M.D. Fla. May 22, 2023) ("[a]t the outset, it should be noted that an 'exception' to administrative exhaustion based on futility in the § 2241 setting has not been adopted by the Eleventh Circuit."); *but see Garcia v. Noem*, No. 2:25-CV-00879-SPC-NPM, 2025 WL 3041895, at \*3 (M.D. Fla. Oct. 31, 2025) (stating that exhaustion may be excused if an administrative body is biased or otherwise predetermined the issue before it).  Moreover, exhaustion of administrative remedies would likely provide the benefit of a written decision from an Immigration Judge regarding Rivera-Moran's custody status.  *See* Executive Office for Immigration Review, Policy Manual, 8.3 Bond Proceedings, § (e)(7) ("If either party appeals, the Immigration Judge prepares a written decision based on notes from the hearing . . . ."), *available at* https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-8-3 (last visited May 5, 2026). Rivera-Moran, who filed his petition **after** the *Hernandez Alvarez* decision, should therefore be required to exhaust his administrative remedies.

Respondents are evaluating whether to seek further appellate review of *Hernandez Alvarez*. While reserving all rights, including the right to appeal on the issue of the proper detention authority for noncitizens like Petitioner who are present in the United States unlawfully, Respondents acknowledge *Hernandez Alvarez* is binding on

this Court and controls the outcome of this matter. In the alternative, in the event the Court orders a bond hearing be conducted by an Immigration Judge under 8 U.S.C. § 1226(a), Federal Respondents request a reasonable period of ten days to arrange an individualized bond hearing.

## CONCLUSION

Federal Respondents respectfully request that Rivera-Moran's petition be denied. However, if a custody redetermination is order pursuant 8 U.S.C. § 1226(a), Federal Respondent's request a reasonable period of 10 days to schedule a hearing.

DATED this 2nd day of July 2026.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    /s/ Matthew T. Brodersen
MATTHEW T. BRODERSEN
Special Assistant United States
Attorney
IL No. 6312417
US Attorney's Office
400 W Washington Street, Suite 3100
Orlando, FL 32801
Telephone No. (407) 648-7651
Email: Matthew.Brodersen@usdoj.gov

*Lead Counsel for Federal Respondents*

8

## **Exhibit List**

1. Exhibit 1 – I-213 Record of Deportable/Inadmissible alien, Dated June 15, 2026
2. Exhibit 2 – I-213 Record of Deportable/Inadmissible alien, Dated May 16, 2021
3. Exhibit 3 – Order of the Immigration Judge, Dated January 17, 2024
4. Exhibit 4 – Notice to Appear, Dated June 15, 2026
5. Exhibit 5 – Detention History