**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DELMER A. RIVERA-MORAN,
     Petitioner,
v.                                                    Case No. 3:26-cv-1630-MMH-LLL
SHERIFF SCOTTY RHODEN, et al.,
     Respondents.

_____

### <u>PETITIONER'S REPLY TO FEDERAL RESPONDENTS'<br>OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS</u>

Respondents have failed to identify any lawful authority for Petitioner's present detention. Their certified return contains no operative charging document establishing pending removal proceedings and therefore no evidence that detention under 8 U.S.C. § 1226(a) is presently authorized. Their sole response—failure to exhaust administrative remedies—fails because Respondents have not demonstrated that any administrative forum presently exists.

The certified record is devoid of evidence that any operative charging document has been filed with the Immigration Court. Because jurisdiction vests only upon such a filing, 8 C.F.R. § 1003.14(a), on this record no Immigration Judge could entertain a bond request.  Thus, there is no remedy for Petitioner to exhaust and Respondents have identified no statute presently authorizing Petitioner's detention. The Court should grant the writ and order Petitioner's **<u>immediate release.</u>**

1

## ARGUMENT

**I.    Respondents failed to certify the lawful cause of Petitioner's detention under 28 U.S.C. § 2243.**

Congress places the burden on the custodian to certify "the true cause of the detention." 28 U.S.C. § 2243. Where Respondents seek to justify detention under § 1226(a), the operative charging document commencing removal proceedings is the jurisdictional predicate for detention. Yet Respondents' certified return contains no such document. Their failure to include the operative charging document leaves the Court without any evidentiary basis to conclude that Petitioner's present detention is authorized by statute.

Respondents repeatedly assert that Petitioner "was served with a Notice to Appear" on June 15, 2026, and "placed in removal proceedings." Yet their certified return contains no June 15, 2026 Notice to Appear, no proof that any charging document was filed with the Immigration Court, and no Notice of Hearing. Those assertions therefore remain unsupported by the record. The factual assertions contained in Respondents' Opposition cannot substitute for the evidentiary showing required by 28 U.S.C. § 2243.

**II.    Respondents have not established any statutory authority for Petitioner's continued detention.**

2

Respondents invoke § 1226(a), which authorizes detention only "pending a decision on whether the alien is to be removed from the United States"—that is, in connection with pending removal proceedings. 8 U.S.C. § 1226(a). Respondents, however, have failed to establish that removal proceedings are presently pending, and they submitted no evidence that any charging document has been filed with the Immigration Court.

The only Notice to Appear in the record, which Respondents attached as Exhibit 4, is dated January 13, 2022. The January 13, 2022 Notice to Appear commenced removal proceedings that an Immigration Judge terminated on January 17, 2024. Doc. 5-3; see 8 U.S.C. § 1226(a); 8 C.F.R. § 1003.14(a). Nowhere in the record do Respondents identify any subsequent charging document that could serve as the jurisdictional predicate for current removal proceedings.

Respondents concede that *Hernandez Alvarez* governs and that Petitioner is detained, if at all, under § 1226(a). But *Hernandez Alvarez* presupposes lawful detention under that statute. Respondents have never established the statutory prerequisite—pending removal proceedings. On the present record, § 1226(a) supplies no authority for Petitioner's custody, and Respondents identify no other.

**III.    Exhaustion is excused because Respondents have not shown that any administrative remedy exists.**

3

Exhaustion under § 2241 is not a jurisdictional bar, is subject to the Court's discretion and established exceptions.[1] One exception is dispositive here: a petitioner need not exhaust where the administrative body is "unable to grant effective relief."[2] This Court has already applied that principle to excuse exhaustion and grant the writ in materially identical cases.[3]

Here, exhaustion is futile as it is impossible on this record. An immigration court's jurisdiction, and removal proceedings themselves, "commence when a charging document is filed with the Immigration Court."[4]

No such filing appears in this record. The record contains no evidence that any charging document has been filed with the Immigration Court. Because jurisdiction before an Immigration Judge depends upon such a filing, Respondents have failed to demonstrate that any administrative remedy presently exists.

More fundamentally, Respondents have failed to satisfy their burden under 28 U.S.C. § 2243 to certify the true cause of Petitioner's present detention. The Court should therefore grant the writ. Absent a filed charging document, no immigration

---

[1] *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015); *McCarthy v. Madigan*, 503 U.S. 140, 144, 148 (1992).

[2] *McCarthy*, 503 U.S. at 148.

[3] *See Olivera Murillo v. Field Office Director*, No. 3:26-cv-864-MMH-MCR (M.D. Fla. June 4, 2026) (Doc. 14); *Najarro v. Warden, Baker Corr. Inst.*, No. 3:26-cv-1323-MMH-PDB (M.D. Fla. June 9, 2026) (Doc. 10); *Gamez Amaro v. Mullin*, No. 3:26-cv-711-MMH-PDB (M.D. Fla. July 1, 2026) (Doc. 11).

[4] 8 C.F.R. § 1003.14(a).

4

judge has jurisdiction to conduct a bond hearing, and Petitioner has no administrative forum in which to seek relief. A petitioner cannot be required to exhaust a remedy the record does not show to exist. *McCarthy*, 503 U.S. at 148.  Respondents' exhaustion defense necessarily assumes the existence of an administrative forum capable of providing relief. Yet Respondents have failed to demonstrate that such a forum presently exists.

**IV.   Respondents' own evidence independently demonstrates detention is unwarranted.**

The undisputed record forecloses the only two purposes that could justify civil immigration detention—preventing flight and protecting the community. Respondents' own ICE Form I-213, dated June 15, 2026, states that Petitioner's "current charges do not deem him a public safety concern." Doc. 5-2. His sole offense is driving without a valid Florida license. As to flight, Petitioner has appeared at every scheduled immigration hearing, complied with every reporting and biometrics requirement, and holds employment authorization valid through 2029. Even if statutory authority existed, Respondents' own evidence demonstrates that continued detention is unwarranted.

**V.   Immediate release is the appropriate remedy.**

### A. Immediate Release

Because Respondents failed to certify the lawful cause of Petitioner's detention, failed to establish that removal proceedings are presently pending, and identify no lawful authority for Petitioner's present custody, the appropriate remedy is his immediate release, without restraints on his liberty beyond those that existed before his re-detention. Every additional day of unlawful detention is an irreparable deprivation of liberty that weighs strongly in favor of immediate relief.[5]

### B. Alternatively, Order an Individualized Bond Hearing

In the alternative, Petitioner requests that the Court order Respondents to afford Petitioner an individualized bond hearing no later than 72 hours from the Court's order, at which Respondents bear the burden of justifying continued detention by clear and convincing evidence. *See Addington v. Texas*, 441 U.S. 418, 427 (1979); *Singh v. Holder*, 638 F.3d 1196, 1203–04 (9th Cir. 2011); *Velasco Lopez v. Decker,* 978 F.3d 842 (2d Cir. 2020).

Respondents request an additional ten days to "arrange" a bond hearing. Yet they do not represent that an operative charging document will first be filed with the Immigration Court. Without that jurisdictional filing, Respondents do not explain how an Immigration Judge could conduct the very hearing they contend Petitioner was required to exhaust. Their request therefore offers no assurance that Petitioner

---

[5] *Zadvydas*, 533 U.S. at 690; *see McCarthy*, 503 U.S. at 146–47.

will be any closer to obtaining the relief Respondents contend he must first seek before an Immigration Judge.

## CONCLUSION

Because Respondents have failed to certify the lawful cause of Petitioner's detention, failed to establish pending removal proceedings, failed to demonstrate the existence of any administrative remedy, and failed to identify any statutory authority supporting continued detention, the writ should issue immediately. Petitioner respectfully requests that the Court: (1) grant the writ of habeas corpus and order Respondents to release Petitioner immediately, without restraints on his liberty beyond those that existed before his re-detention; (2) reject Respondents' exhaustion defense; (3) alternatively, order Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge within three days of the Court's order, at which the Government bears the burden of justifying continued detention by clear and convincing evidence; and (4) grant such further relief as the Court deems just and proper, including the relief requested in the Petition.

Dated: July 3, 2026.

Respectfully submitted,

/s/ Laura S. Hernandez
LAURA S. HERNANDEZ
Florida Bar No. 118728
Northstead Law

7

1706 E. Semoran Blvd., Suite 102
Apopka, FL 32703
T: (407) 912-0234
E: Laura@northsteadlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record, including counsel for Federal Respondents.

/s/ Laura S. Hernandez
LAURA S. HERNANDEZ

8